GEORGE NORTHUP, Administrator, &c. of LUCILLA NORTHUP, deceased, *v.* THE RAILWAY PASSENGER ASSURANCE COMPANY.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

An insurance against " any accident while traveling by public or private conveyances provided for transportation of passengers," held not to cover accident to the insured while he is going on foot over the customary route between a steamboat landing where conveyances are to be had for hire, and a railway station, in the prosecution of, and for the purpose of continuing by rail, the journey with reference to which the insurance was taken.

THIS case was submitted under the Code, section 372.

The plaintiff claimed to recover for the death of his intestate, against the defendant, a corporation organized under the laws of Connecticut, having authority to insure against death and accident, and upon an insurance policy as follows, viz. :

---

**Railway Passengers Assurance Co.**
of Hartford, Conn.

**STATION No. 865.**

| R. P. A. Co., 1868. 9 A. M 30th Dec Station 865. | This Ticket will oe good for ONE DAY, commencing with date. *H. T. Sperry, Secy.* | 31 |
| | FORM **1A** NOT TRANSFERABLE. **Twenty Cents.** | |

**$5,000.**

The RAILWAY PASSENGERS ASSURANCE COMPANY, of Hartford, Conn., will pay the owner of this Ticket TWENTY-FIVE DOLLARS PER WEEK, in case of personal injury causing total disability, for a period not exceeding TWENTY-SIX WEEKS , or the sum of FIVE THOUSAND DOLLARS to his legal representatives, in the event of DEATH, from personal injury, ensuing within THREE MONTHS from the happening thereof, when caused by

**Any Accident while Traveling**

by public or private conveyances provided for the transportation of Passengers in the United States or British North American Possessions, it being understood that this Policy covers no description of War Risk.

☞ Insurance on any one life is limited to $10,000; and no person holding more than two tickets will be entitled to receive in excess of that sum, or proportionate compensation.　　　　J. G. BATTERSON, *President.*

☞ As a means of identification, in case of fatal accident, the Assured is desired to write his name and residence below.

　　　　Name........ ........Mrs. GEO. NORTHUP,
　　　　　　　　Residence ...... ... ..Rathboneville.

---

Northup v. Railway Passenger Assurance Company.

*D. Rumsey*, for the plaintiff.

*W. F. Cogswell*, for the defendant.

Present—JOHNSON, DWIGHT and J. C. SMITH, JJ.

By the Court—JAMES C. SMITH, J.   By the terms of the contract in this case, the defendant undertook to insure the plaintiff against personal injury " caused by any accident while traveling by public or private conveyance provided for the transportation of passengers," &c.

The contract was expressed in an insurance policy or ticket, which was issued to the plaintiff, by the agent of the defendant, at Rathbone, Steuben county, and which the plaintiff procured with the intent of setting out on the same day, to travel by public conveyance to the county of Madison.

Immediately after procuring the ticket, the plaintiff entered upon the intended journey, in company with her husband and others, and the party traveled by cars on the Erie railway to Elmira, and thence by cars on the Canandaigua and Elmira road to Watkins at the head of Seneca Lake.   From Watkins they went by steamboat on said lake to Geneva, where they arrived about eight o'clock in the evening.   On landing at the steamboat wharf, the party started on foot, to go to the station of the New York Central Railroad Company, about seventy rods from the wharf, in further prosecution of their journey, and on the way from the wharf to the station, the plaintiff's intestate slipped and fell upon the sidewalk, and thereby received injuries of which she died in a few days.

It appears from the statement of facts submitted to the court, that persons arriving on the steamboat generally pass from the wharf to the railroad station through the public streets of Geneva; and that upon the arrival of the steamboat, on the occasion above referred to, there were public hacks for hire at the wharf, for the purpose of conveying passengers, if hired to do so, to any part of said village, or to the railroad station.

Without undertaking to lay down any general rule, or to do anything more than to decide the particular case before us, we are of opinion, upon the facts submitted, that the accident referred to was not within the terms of the policy. True, the accident occurred to the plaintiff " while traveling," and that too, while traveling on the very journey which she had in view when she procured the ticket; but at the time when the accident occurred, the plaintiff was not traveling by any " public or private conveyance for the transportation of passengers," but was voluntarily pursuing her journey on foot, although there were conveyances at hand, which she might have employed, if she had chosen to do so. The defendant insured only against the perils of traveling by *conveyance;* and if the plaintiff had gone " by conveyance" from the wharf to the station, the accident in question could not have occurred.

The counsel for the plaintiff argues that the risk assumed by the defendant, is not confined to accidents occurring during the very act of riding, but that it covers every accident happening while doing any act necessary or proper to be done, during the making of the journey; including in the present case, the passing from the steamboat wharf to the railroad station, in any usual and proper mode. Accidents may be supposed, which though not occurring in the very act of riding in a conveyance, would be covered by the defendant's contract. The case of *Theobald* v. *Railway Passengers Assurance Company* (26 Eng. L. & Eq. R., 432), cited by the plaintiff's counsel, presents an instance of that kind. In that case, the train had stopped at a station where a change of cars took place, and the plaintiff, while stepping out of the car, met with an injury without any negligence on his part, and in consequence of the step of the car being accidentally slippery. There, as was said by Pollock, C. B., "though, at the time of the accident, the plaintiff's journey had in one sense terminated by the carriage having stopped, he had not ceased to be connected with the carriage, for he was still on it. The accident also happened

without negligence on his part, and while doing an act, which as a passenger, he must necessarily have done, for a passenger must get into the carriage and get out of it when the journey is at an end, and cannot be considered as disconnected from the machinery of motion until the time he has, as it were, safely landed from the carriage and got upon the platform. The accident is attributable to his being a passenger on the railway, and it arises out of an act immediately connected with his being such a passenger." The policy in that case insured against injuries "happening to the assured from railway accidents whilst traveling in any class carriage on any line of railway," &c., and it was held that the accident was within the meaning of the policy. But that case does not go to the extent of holding that the policy covered every accident happening to the assured while doing any act necessary *or proper* to be done, during the making of the journey.

The distinction between that case and the one before us, is obvious. There, the assured was injured while yet on the carriage in which he had made his journey, and while in the act of getting out of it, which, as a passenger, he must necessarily have done. Here, the assured when injured, was not in, on, or in any way connected with any conveyance, and she was pursuing a part of her journey on foot, she having voluntarily chosen to walk, in preference to taking a carriage.

Judgment should be given for the defendant.

Judgment for defendant.